21-476-cr
*United States v. Rios*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT"S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand twenty-two.

PRESENT:

> ROSEMARY S. POOLER,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,
> *Appellee,*

v.                                                                                      No. 21-476

ORLANDO RIOS, AKA FIFO,
> *Defendant-Appellant.**

---

_____

* The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:    Orlando Rios, pro se, FCI Fort Dix Correctional Institute, Joint Base MDL, NJ.

FOR APPELLEE:    Katherine A. Gregory, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED.**

Defendant-Appellant Orlando Rios, proceeding pro se, appeals from the district court's order denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A).   On September 11, 2017, Rios pleaded guilty to conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846.   That offense carried a mandatory minimum term of ten years' imprisonment, and the district court calculated a Sentencing Guidelines range of 262 to 327 months' imprisonment.   The district court then

imposed a sentence of 188 months' imprisonment, to be followed by five years' supervised release.

On August 21, 2020, having served approximately 63 of his 188 months' term of imprisonment, Rios moved for compassionate release pursuant to the First Step Act of 2018. Under this statute, courts may, in their discretion, grant a sentence reduction if, "after considering the [applicable] factors set forth in [18 U.S.C. §] 3553(a)," the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Section 3553(a) lists several factors a court must consider when imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need for the sentence "to reflect the seriousness of the offense," "to promote respect for the law," "to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(1), (a)(2)(A)–(C), (a)(6). A court may deny a motion for compassionate release if it determines that a defendant has failed to make the requisite showing regarding extraordinary and compelling reasons *or*

3

that the section 3553(a) factors, on balance, do not warrant a sentence reduction. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021).

In denying Rios's motion, the district court assumed that Rios's medical history and the harsh pandemic-related conditions under which Rios was serving his sentence constituted extraordinary and compelling reasons for compassionate release. The district court nonetheless concluded that a sentence reduction would be inconsistent with the factors set forth in section 3553(a), considering the seriousness of Rios's offense and his extensive criminal history. This appeal followed.[1]

"We review the denial of a motion for compassionate release for abuse of discretion." *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021). "[A] district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009) (internal quotation marks omitted).

---

[1] While Rios's Notice of Appeal was untimely, *see* Fed. R. App. P. 4(b)(1)(A), the government has expressly and affirmatively waived any "argument that the appeal is untimely." Government Br. at 1–2 n.2. Since "Federal Rule of Appellate Procedure 4(b), which governs the time to appeal from a *criminal* judgment," is "not jurisdictional and . . . therefore capable of forfeiture by the government," *United States v. Frias*, 521 F.3d 229, 231 (2d Cir. 2008) (emphasis added), we give effect to the government's waiver and proceed to the merits of Rios's argument.

"Mere disagreement with how the district court balanced the [section] 3553(a) factors therefore is not a sufficient ground for finding an abuse of discretion." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Rios contends that the district court abused its discretion when it (1) relied on putatively incorrect and incomplete information concerning COVID-19 at FCI Fort Dix, the prison where he was then serving his sentence; (2) improperly balanced the section 3553(a) factors; and (3) failed to consider a sentence reduction less favorable than time served. We address each argument in turn.

First, Rios argues that the district court relied on information concerning the prevalence of COVID-19 at Fort Dix that was both inaccurate and incomplete. But beyond that conclusory assertion, Rios does not cite to anything relied on by the district court to support his assertion. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). Instead, Rios's argument hinges on information that, by his own admission, was disseminated "subsequent to [the district court's decision]," Rios Br. at 8, and

5

therefore was not available to the district court at the time it ruled on his motion. The district court's inability to know this information cannot be considered error. Moreover, the district court assumed for the sake of argument that there were hundreds of active COVID-19 cases among inmates at Fort Dix and expressly acknowledged that Rios's risk of exposure to COVID-19 was substantially greater in prison than it would be if he were released. The district court's decision to deny Rios's motion turned not on a misunderstanding of the heightened risk of exposure facing Rios at Fort Dix, but rather on its determination that the section 3553(a) factors outweighed those risks.

Second, Rios argues that the district court abused its discretion by focusing too intently on the seriousness of his offense, while failing to give sufficient weight to his medical conditions and rehabilitative efforts. But while we, like the district court, applaud the positive steps Rios has taken while in prison, we cannot say that the district court improperly exercised its broad discretion in denying release to a defendant with a lengthy criminal record who served just 63 months of a 188-month sentence, which itself was already 70 months below the bottom of the applicable Guidelines range. *See United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (explaining that "the weight . . . afforded [to] any [section] 3553(a) factor

is a matter firmly committed to the discretion of the sentencing judge" (internal quotation marks omitted)); *Halvon*, 26 F.4th at 571 (finding no abuse of discretion in the denial of compassionate release where, as here, the district court emphasized the seriousness of offense, the need to provide just punishment, and the need to protect the public from further criminal conduct by the defendant).

Finally, Rios argues that the district court erred by considering his motion for compassionate release in an all-or-nothing fashion, without recognizing the possibility of granting a sentence reduction less favorable than time served. But Rios points to nothing in the district court's order that suggests a failure to consider a lesser reduction in sentence. Moreover, it bears noting that Rios himself requested that the court order his immediate release – without ever raising the prospect of a more modest sentence reduction. Given the record before it, the district court did not err in failing to sua sponte address and reject a request that was never made.

We have considered Rios's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7